# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

|  |  |  |
|---|---|---|
| ILDA CASTRUITA ZAVALA, Individually and as Wrongful Death Beneficiary of J.C., a minor, Deceased; LORENZO ANTONIO CASTRUITA ZAVALA, as Wrongful Death Beneficiary of J.C., a minor, Deceased; PEDRO RAYAS; and VELIA ROMAN VEGA, § § § § § § § § § | | |
| *Plaintiffs,* § § | Civil Action No. 4:22-CV-498 Judge Mazzant | |
| v. § § | | |
| COOPER TIRE & RUBBER CO., § § | | |
| *Defendant.* § | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Opposed Motion for Entry of a Protective Order (Dkt. #20). Having considered the motion and the responses, the Court finds that the motion should be **DENIED as requested**.

### BACKGROUND

This case arises out of a single-vehicle accident that occurred when Plaintiffs Ilda Castruita Zavala, Pedro Rayas, Velia Roman Vega, and four-month-old J.C. (collectively, "Zavala") were traveling to Mexico (Dkt. #1 at p. 4). Zavala alleges that the tire on the car they were driving experienced a "belt-to-belt tread separation failure" causing the car to rollover (Dkt. #1 at p. 5). As a result, each Plaintiff suffered injuries, including J.C., who suffered fatal injuries (Dkt. #1 at p. 5). The tire that allegedly caused the accident was manufactured by Defendant Cooper Tire & Rubber Company ("Cooper Tire").

On August 26, 2022, Zavala filed the pending motion, requesting that the Court enter one of the six standard Protective Orders used in the Eastern District of Texas (Dkt. #20 at p. 8). On September 9, 2022, Cooper Tire filed its response, noting for the Court that the parties had met, conferred, and drafted potential language of a Protective Order, and while they agreed on most terms, some disagreements remained (Dkt. #25 at pp. 1–2). On September 16, 2022, Zavala filed a reply (Dkt. #31), to which Cooper Tire filed a sur-reply on September 23, 2022 (Dkt. #32). For the reasons discussed below, the Court will deny Zavala's motion as requested and will ultimately enter a version of the Protective Order that the parties discussed.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). The burden is upon the party seeking the Protective Order "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotation marks and citation omitted). Therefore, a Protective Order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Laundry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in determining whether to grant a motion for Protective Order and what degree of protection is required because it is "in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985). However, the Court will only grant as narrow a Protective Order as is necessary under the facts. *Campos v. Webb County Tex.*, 288 F.R.D. 134, 1238 (S.D. Tex. 2012).

## ANALYSIS

As a preliminary matter, both parties agree that good cause exists for the Court to enter a confidentiality Protective Order governing this lawsuit (Dkt. #20 at p. 4).  The Court agrees with the parties, given the type of lawsuit and the potential information that may be disclosed.  *See Gomez v. Ford Motor Co.*, No. SA-15-CA-866, 2016 WL 10518528, at *2–3 (W.D. Tex. Nov. 2, 2016) (finding that "good cause" existed for a Protective Order because Ford's business records had proprietary information, trade secrets, and technological know-hows that would give Ford's competitors a significant competitive advantage if they gained access).

The issue that the Court must decide is in what form it should enter the Protective Order. The first dispute is whether the Court should use the standard Protective Order of another court in the Eastern District of Texas to govern these proceedings or instead use the Protective Order that the parties initially discussed and negotiated but were unable to fully resolve.  If the Court decides that it will use the one Protective Order that both parties have previously discussed, then the Court will have to decide what degree of protection is required.  It is the Court's understanding that there are two current disagreements in what is otherwise an agreed upon Protective Order: (1) whether the parties should be restricted from transmitting confidential information by email or an internet link; and (2) whether the provision covering the destruction of attorneys' notes should be expanded to include notes that summarize confidential material (Dkt. #25 at p. 2).[1]  The Court will begin with the parties' dispute regarding which Protective Order it should enter.

---

[1] The Court recognizes that while there were only two issues that were fully briefed by the parties, other disputes may exist.  Zavala never explicitly stated in its briefing that it agreed with every other term.  In Zavala's reply, Zavala briefly mentions that Cooper Tire included a "unnecessary requirement that confidential material status be challenged within 30 days of receipt," when most standard Protective Orders do not include such a requirement (Dkt. #31 at p. 5).  However, the Court has previously ruled that a 30-day clause was a sufficient time restriction to include for confidentiality Protective Orders.  *See Su Min Kim v. Honda Canada, Inc.*, 2020 WL 337966, at *4 (E.D. Tex. Jan. 21, 2020).  The Court was not informed of any other disagreements between the parties.

## I. Type of Protective Order

Zavala requests the Court disregard any negotiations that it made with Cooper Tire because the parties could never come to a complete agreement and it "is no longer feasible" (Dkt. #20 at p. 3). Because the Court does not have a standard Protective Order for non-patent cases, Zavala requests that the Court enter a standard Protective Order by one of the six judges in the Eastern District of Texas that have one. Cooper Tire responds and requests that the Court make a ruling regarding the parties' disagreements and enter the order that the parties had previously discussed, instead of selecting one of the standard orders that the parties have not agreed on. The Court tends to agree with Cooper Tire in that an Agreed Protective Order is preferred over entering another court's standard order. *See Orthoflex, Inc. v. ThermoTek, Inc.*, No. 3:11-CV-870, 2013 WL 3095106, at *3 (N.D. Tex. June 20, 2013) ("An agreed protective order may be viewed as a contract, and once parties enter an agreed protective order they are bound to its terms."). The parties have informed the Court that there are two disagreements regarding the necessity of certain language. Since the parties were close to reaching an agreement, the Court will decide the two issues briefed regarding certain terms and order the parties to submit an Agreed Protective Order that reflects those decisions.

## II. Email/Link Restriction

The first issue arises out of the following proposed language by Cooper Tire, in the section titled "Storage and Transmission of Confidential Material:"

> Confidential material may not be transmitted by email, file transfer protocol, link to an internet or cloud-based storage system, or other similar media. Confidential material may only be transmitted to Authorized Persons by giving them the external hard drive, flash drive, or other removable media provided by Cooper [Tire]. Physical transmission of the external hard drive, flash drive, or other storage media must be made by a secure transmission method.

(Dkt. #25, Exhibit 1 ¶ 10). The parties have already agreed that they can store the information on a password-protected internal hard drive and that they must return or destroy the information after the case concludes (Dkt. #25 at p. 3).

Cooper Tire proposed this language to counter inadvertent disclosure, as the ability for confidential information to be included in a link or an email makes it difficult for a party to identify and dispose of all confidential information after the case has concluded (Dkt. #25 at pp. 3–4). Zavala responds that this restriction is unnecessary and only makes things more burdensome for both parties, as sending confidential information to expert witnesses, other counsel, or to the Court would only be more difficult with such a restriction (Dkt. #31 at pp. 2–3).

The Court agrees with Zavala on this matter. It is not out of the ordinary for confidential information to be sent through email or through a link to a cloud-based storage system. None of the six Protective Orders that are used in the Eastern District of Texas include such a restrictive term on the sending of confidential information (Dkt. #20, Exhibit 1–6). The Court is confident that both parties can take the necessary steps after the case has concluded to return or destroy the confidential information obtained. Both parties' attorneys are no stranger to dealing with confidential information. Just as they navigated through discovery in the *Hernandez v. Goodyear Tire* case without such a restriction, the counsel for both parties do not need an email or links to storage-based systems limitation (Dkt. #20, Exhibit 9). The Court finds that Cooper Tire's proposed language is unnecessary and unduly burdensome to the parties.

### III. Attorneys' Notes — Summaries of Confidential Information

The last issue arises out of Cooper Tire's request that the return-or-destroy provision apply not only to attorney work product that contains "verbatim information from confidential material," but also attorney work product that "summarizes confidential material with such specificity that the confidential material can be identified, or by reasonable logical extension can be identified"

5

(Dkt. #25 at p. 6). Cooper Tire makes this argument because it states that Zavala will take advantage of this "loophole," and strategically word its attorney notes to retain confidential information after the case concludes (Dkt. #25 at p. 6). Zavala responds that the proposed language is confusing and will lead to differing interpretations of what attorney work product falls under that provision and what does not (Dkt. #31 at pp. 4–5).

While the Court recognizes that Cooper Tire is trying to protect its confidential information from inadvertent disclosure, the Court finds that Zavala is correct in this situation. The proposed language would likely confuse both parties, but Zavala would be the party severely burdened by the addition of this provision. It is Cooper Tire's private information that is the main reason for this confidentiality Protective Order, meaning this restriction is unlikely to be a burden for Cooper Tire at all. Additionally, certain Protective Orders specifically exclude all attorney work product from being given back or destroyed, trusting the parties to not disclose the information that it received at a later point in time (Dkt. #20, Exhibit 1 at p. 5) ("The party receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein."). But the Court recognizes Zavala has negotiated with Cooper Tire and allowed for attorney work product that has verbatim language to be included in the return-or-destroy provision (Dkt. #25, Exhibit 1 ¶ 17).

In its final argument, Cooper Tire raises a hypothetical that with the proposed language omitted, Zavala could speak in a code of "1 - .8" when it means to say ".2" and that would not be verbatim language that Zavala must return or destroy (Dkt. #32 at p. 4). The argument is well-taken, but again, the Court is confident that the parties will not engage in such behavior and that Zavala will properly dispose of the confidential materials detailed in the Protective Order and

ensure that no problems arise in the future. Ultimately, the Court finds that the expansion of the return-or-destroy provision is unnecessary and unduly burdensome to the parties.

## CONCLUSION

It is so **ORDERED** that Plaintiffs' Opposed Motion for Entry of a Protective Order (Dkt. #20) is **DENIED** as requested.

It is further **ORDERED** that Cooper Tire's request that the Court enter a Protective Order using its proposed language regarding the email and link restrictions and attorneys' notes that summarize confidential information is hereby **DENIED**.

It is further **ORDERED** that the parties are to submit to the Court an Agreed Protective Order, unless the parties agree otherwise, consistent with the rulings of this Order within ten (10) days from the entry of this Order.

**IT IS SO ORDERED.**

SIGNED this 17th day of November, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE